UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Criminal Case No.  06-cr-00373-WYD

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.  SAMMY EDWARD FRENCH,
a/k/a "Samuel Edward French, Jr.,"

     Defendant.

**ORDER**

     This matter is before the Court on Defendant's Motion to Declare Case Complex, Vacate Trial Date, and Set Status Conference (filed October 23, 2006).  The motion asserts that the issues in this case are unusual and complex pursuant to 18 U.S.C. § 3161(h)(8)(B)(ii) or, alternatively, that the ends of justice require a continuance pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv).

     The Court, having considered the motion and being fully advised in the premises,  grants in part and denies in part Defendant's motion.  Specifically, Defendant's Motion to Declare Case Complex pursuant to 18 U.S.C. §§ 3161(h)(8)(B)(ii) is denied due to an inadequate showing of complexity at this time.  However, Defendant's alternative request in his motion for a continuance of the Speedy Trial Act deadlines pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv) is granted.  The speedy

trial deadlines are continued for a period of sixty (60) days pursuant to 18 U.S.C. §§ 3161(h)(8)(A) and (B)(iv) .

Specifically, I find that the failure to grant such a continuance of this case which I do not find to be complex at this time would deny the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. Defense counsel indicates that to properly investigate this case, he must interview the identified potential witnesses of seven separate bank robberies, view the various scenes and track down, if possible, unidentified potential witnesses and alternate suspects. He asserts that this is a time consuming process which cannot be accomplished within the time frame normally allowed by 18 U.S.C. § 3161. Based on defense counsel's representations, I find that the ends of justice served by a 60 day continuance of the speedy trial deadlines outweigh the best interest of the public and the Defendant in a speedy trial.

The portion of the motion that seeks to vacate the trial date is thus granted, and the trial set to commence on Monday, November 20, 2006, is vacated. The hearing on pending motions/final trial preparation conference set for Wednesday, November 15, 2006, at 4:00 p.m. is converted to a status conference.

Finally, I note that Defendant also filed a Motion to File Motions Out of Time. That motion, which seeks an order allowing Defendant to file motions one day out of time, is granted.

In conclusion, it is

ORDERED that Defendant's Motion to Declare Case Complex, Vacate Trial Date, and Set Status Conference filed October 23, 2006, is **GRANTED IN PART AND DENIED IN PART**.  Specifically, it is

ORDERED that the Motion to Declare Case Complex is **DENIED**, but Defendant's alternative request in the motion to continue the trial pursuant to 18 U.S.C. §§ 3161(h)(8)(B)(iv) is **GRANTED**.  The speedy trial deadlines for the trial are continued for a period of sixty (60) days.  It is

FURTHER ORDERED that the portion of the motion seeking to vacate the trial date and set a status conference is **GRANTED**.  The trial set to commence on Monday, November 20, 2006, is **VACATED**.  The hearing on pending motions/final trial preparation conference set for Wednesday, November 15, 2006, at 4:00 p.m. is **CONVERTED** to a status conference.  Finally, it is

ORDERED that Defendant's Motion to File Motions Out of Time filed October 23, 2006, is **GRANTED**, and the motions filed on October 23, 2006, are accepted for filing.

Dated:  October 24, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge