IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

CASE NO. 06-cr-00373-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SAMMY EDWARD FRENCH,

    Defendant.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER came before the Court on a hearing on Thursday, September 20, 2007, on the admissibility of certain evidence under FED. R. EVID. 404(b). Defendant filed a Request for Notice of Rule 404(b) Evidence which is still pending. This Request is granted for the record. In response, the Government tendered notice of several incidents which it seeks to offer under Rule 404(b). I address my rulings on the admissibility of such evidence in this Order.

II.    <u>ANALYSIS</u>

    A.    <u>Standard for Admissibility of Such Evidence</u>

Admission of Rule 404(b) evidence is governed by a four prong test originally set forth in *Huddleston v. United States*, 485 U.S. 681 (1988). *See United States v. Wilson*, 107 F.3d 774, 782 (10th Cir. 1997); *United States v. Birch*, 39 F.3d 1089, 1094 (10th Cir. 1994). This test requires consideration of the following factors: (1) that the

evidence be offered for a proper purpose under 404(b); (2) that the evidence is relevant under Rule 401; (3) the probative value of the evidence must not be substantially outweighed by the potential for unfair prejudice; and (4) the trial court shall, upon request, instruct the jury that the evidence is to be considered only for the proper purpose for which it was admitted. *Id.*

When the government is moving for admission of 404(b) evidence, it "bears the burden of showing how a defendant's past acts are 'relevant to an issue in the case by articulat[ing] precisely the evidentiary hypothesis by which a fact of consequence must be inferred from the evidence of other acts.'" *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir. 1991) (quotation and internal quotation marks omitted). "'There must be a clear and logical connection between the alleged earlier offense or misconduct and the case being tried.'" *Id.* (quotation omitted). The court must identify a specific reason for admitting the evidence, and must also determine whether the prejudicial effect of the evidence is substantially outweighed by its probative value. *Id.*

Rule 404(b) does not apply to other act evidence that is intrinsic to the crime charged. *United States v. Arney*, 248 F.3d 948, 992 (10th Cir. 2001); *United States v. Oles*, 994 F.2d 1519, 1522 (10th Cir. 1993). Rule 404(b) applies only to extrinsic evidence. *Arney*, 248 F.3d at 992. "Evidence is direct or intrinsic to the crime charged if 'both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged.'" *Id.* (quotation omitted); *see also United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) ("[e]vidence of other crimes should not be suppressed when those facts come in as *res gestae*–'as part and parcel of the proof of

the offense [ ] charged in the indictment'") (quotation omitted); *Oles*, 994 F.2d at 1522 ("'An uncharged act may not be extrinsic if it was part of the scheme for which a defendant is being prosecuted.'. . . Consequently, a 404(b) analysis 'does not apply to other acts which are so inextricably intertwined with the crime charged that testimony concerning the charged act 'would have been confusing and incomplete without mention of the prior act.'") (quotations and internal quotation marks omitted).

      B.      <u>Admissibility of the Specific Incidents at Issue</u>

           1.      <u>Aggravated Robbery on July 21, 2006 at 8055 Sheridan Boulevard</u>

This evidence was identified in the Government's Disclosure of Rule 404(b) Evidence in its Response to Defendant's Request for Notice of Rule 404(b) Evidence (docket # 19). The Government asserts that during this aggravated robbery, Defendant showed victim Rose Campain a gun and demanded the keys to her car. After she complied, Defendant stole (and left) in Ms. Campain's 1998 Kia. The Government asserts that it believes this evidence is intrinsic to the instant charges. In the event the Court rules that the evidence is not intrinsic, the Government seeks its admission pursuant to Rule 404(b).

Turning to my analysis, I first reject the Government's argument that this evidence is intrinsic and inextricably intertwined with the instant charges. This crime occurred three weeks after the last charged robbery, and is not tied in any way to the robberies at issue in the indictment. The fact that the Government asserts that the Defendant perpetrated this crime for the purpose of obtaining a getaway car, since his other getaway car had been recovered by the police, does not make the crime intrinsic

to the prior robberies.  Even if this robbery was committed for the purpose of obtaining a getaway car, this crime was not part and parcel of the bank robberies at issue but was a separate crime.

Thus, I must address the admissibility of this evidence under Rule 404(b).  I find that the Government has shown a valid purpose for which this crime may be relevant other than Defendant's criminal character, *i.e.*, Defendant's identification and plan.  As to identity, when Ms. Campain's car was recovered, officers found inside numerous items belonging to Defendant.  These include documents with his name and information, stolen license plates that may have been used in the bank robberies, a gun with a similar description to that used in the bank robberies, and pieces of clothing worn by Defendant in the robberies.  These items are all relevant and probative to show Defendant's identity in relation to the robberies.

As to Defendant's plan, the Government asserts that the evidence will show that he used stolen cars when committing the bank robberies.  Witnesses to the bank robberies reported that Defendant fled in a 1999 Blue Honda Civic LX with the plate 865-KME.  Both this car and the license plate (which was for a different car) had been reported stolen.  This car was recovered by the police on July 20, 2007.  The Government asserts that Defendant then needed a getaway car.  Thus, on July 21, 2006, in the same area as the robberies, the Government asserts that Defendant solved his transportation problem by robbing Ms. Campain of her car.  This evidence, if offered by the Government, could be relevant to show Defendant's plan.

Based on the foregoing, I find that the Government has tendered a legitimate purpose for which such evidence could be admissible under Rule 404(b). Accordingly, I reject at this time Defendant's argument that evidence of this robbery should be excluded under Rule 404(b). I also reject Defendant's argument that the Government's notice was insufficient to meet the requirements of the Rule.

However, I defer a ruling as to whether the probative value of this evidence substantially outweighs the danger of unfair prejudice, confusion of the issues, etc. under FED. R. EVID. 403. I was not provided with specific details of what the evidence will be about this crime and the manner in which it was committed. I am thus unable at this juncture to determine the prejudicial impact this evidence may have on the jury. The parties are directed to refrain from any mention of this robbery during opening statements or in the presence of the jury at the trial. Instead, before the Government seeks to offer such evidence it must make a proffer of the details of such evidence outside the presence of the jury. I will make a ruling under Rule 403 at that time.

### 2. Prior Bank Robberies for Which Defendant Was Convicted in Case No. 95-cr-00279-Z

The Government stated in the hearing that it did not intend to offer Defendant's prior bank robberies and conviction in Case 95-cr-00279-Z under Rule 404(b). Accordingly, I need not address the admissibility of this evidence under that Rule.

### 3. Use of Stolen Car During Robberies

Finally, the Government seeks to offer evidence that during the robberies for which Defendant has been indicted, Defendant used a stolen car along with numerous

stolen license plates.  If the stolen car was used as a getaway car in the robberies at issue in this case, it appears that it would be intrinsic to the robberies since it would be part and parcel of the proof of the offense and would be part of the same scheme.

III.    CONCLUSION

Based upon the foregoing, it is

ORDERED that Defendant's Request for Notice of Rule 404(b) Evidence (docket # 14) filed November 1, 2006) is **GRANTED**.  It is

FURTHER ORDERED that evidence of the aggravated robbery on July 21, 2006 at 8055 Sheridan Boulevard involving Rose Campain may be admissible under Rule 404(b) as the Government has offered a legitimate purpose for the admission of such evidence; namely, to show Defendant's identity and plan.  However, I defer a ruling as to whether this evidence is admissible under Rule 403, and direct the parties not to refer to this evidence in the presence of the jury.  It is

FURTHER ORDERED that a ruling under Rule 404(b) need not be made as to the prior bank robberies for which Defendant was convicted in Case No. 95-cr-00279-Z as the Government has stated it does not intend to offer the evidence under that Rule.  Finally, it is

ORDERED that evidence that during the robberies for which Defendant has been indicted, Defendant used a stolen car along with numerous stolen license plates appears to be intrinsic to the crimes and is thus not subject to Rule 404(b).

Dated: October 3, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge